WO                                                                                    SH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Narcisco Kiko Reyes, IV,

         Plaintiff,

v.

Itoro Elijah, et al.,

         Defendants.

No. CV 19-00956-PHX-MTL (MTM)

**ORDER**

       Plaintiff Narcisco Kiko Reyes, IV, who is currently confined in Arizona State Prison Complex-Lewis, brought this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 6.) Before the Court is Defendant Centurion's Motion to Dismiss for failure to timely serve, which Plaintiff opposes. (Docs. 25, 33.)[1]

**I.      Background**

       Upon screening Plaintiff's First Amended Complaint (Doc. 6) under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment medical care claims against former Arizona Department of Corrections (ADC) Director Charles Ryan in his official capacity, ADC's contracted healthcare provider Corizon, and medical provider J. Whitman. (Doc. 16 at 6.) Because Defendant Ryan is no longer the ADC Director, the Court substituted Interim ADC Director Joseph Profiri in his official capacity for Defendant Ryan. (*Id.* at 7.) Likewise, because Centurion of Arizona took over as

---

[1] Plaintiff was advised of his right and obligation to respond to the Motion to Dismiss as well as the requirements of a response. (Doc. 26.)

ADC's contracted healthcare provider, the Court directed Corizon to respond to Plaintiff's claim for money damages, added Centurion as a Defendant, and ordered Centurion to answer Plaintiff's claim for injunctive relief. (*Id.* at 6–7.) The Court dismissed the remaining claims and Defendants. (*Id.* at 8.) Thereafter, David Shinn became ADC Director and answered Plaintiff's First Amended Complaint. (Doc. 19.)[2]

## II. Centurion's Motion to Dismiss

### A. Defendant's Argument

Centurion moves the Court to dismiss it from the action because it was not timely served. (Doc. 25 at 1.) Centurion points out that pursuant to the Court's screening Order, Plaintiff was required to obtain a waiver of service or complete service upon it within 90 days of filing the Complaint or within 60 days of the screening Order, whichever is later. (*Id.* at 2.) On January 8, 2020—92 days after the Court issued its screened Order—the U.S. Marshals delivered the service documents to Centurion's Arizona facility located at 1850 W. Rio Salado Parkway in Tempe, Arizona. (Doc. 24.) Thus, Centurion argues that Plaintiff's "lawsuit was served outside of the 60[-]day window set in the Court's screening Order," and it should be dismissed from the action pursuant to Federal Rule of Civil Procedure 4(m).[3]

### B. Legal Standard

Federal Rule of Civil Procedure 4(m) provides that if a summons and complaint are not served upon a defendant within 90 days after filing, the court shall, after notice to the plaintiff, either dismiss the action or, if the plaintiff shows good cause for the failure, direct that service be effected within a specified time. The Ninth Circuit has explained that Rule 4(m) "requires a district court to grant an extension of time when the plaintiff shows good cause for the delay. A plaintiff may demonstrate good cause by showing that he made a

---

[2] The Court will therefore dismiss Defendant Profiri from the action.

[3] Centurion also implies that service was not actually effected because the Tempe address where the service documents were delivered is not its address for accepting service. (*See* Doc. 25 at n.2.) Because the Court is extending the service deadline and ordering service to be made to Centurion's correct address, this argument is irrelevant.

reasonable and diligent effort to effect service. *See Electrical Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 312 (9th Cir. 1992). "Additionally, the rule permits the district court to grant an extension even in the absence of good cause." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (internal citations omitted) (emphasis in original). Courts should give the Rule 4 provisions a liberal and flexible construction. *See Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). When determining whether an extension for service is warranted, a district court should consider factors such as prejudice to the defendant, actual notice of a lawsuit, and eventual service. *Efaw*, 473 F.3d at 1041; *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (factors to consider in the excusable-neglect determination include danger of prejudice, length of delay, reason for delay, and whether party acted in good faith).

Under 28 U.S.C. § 1915(d), if a plaintiff is proceeding in forma pauperis, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." The U.S. Marshal therefore serves the summons and the complaint; however, the plaintiff is still responsible for providing the Marshal with information necessary to locate each defendant to be served. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds, Sandin v. Conner*, 515 U.S. 472 (1995).

**C.     Discussion**

The record shows that Plaintiff submitted his service packets to the U.S. Marshals on October 31, 2019. (*See* docket entries for October 31, 2019.) Unfortunately, Plaintiff provided the wrong service address in his documents for Defendant Centurion, and Plaintiff's service documents were delivered at this address after the service deadline expired. (*See* Doc. 24.)

Because Defendant Centurion was not properly served at the correct service address, service upon Defendant Centurion will be quashed. However, Centurion makes no argument that it would be prejudiced if time for service were extended, this action is still in its early stages, and there is no evidence of bad faith from Plaintiff. Thus, the Court finds good cause for the failure to serve. The Court will permit Plaintiff to cure his failure

to properly serve Centurion, as the Ninth Circuit has suggested that courts "be generally more solicitous of the rights of pro se litigants, particularly when technical jurisdictional requirements are involved." *Borzeka*, 739 F.2d at 448. Accordingly, the Court will extend the service deadline by 60 days to allow Centurion to be properly served according to the requirements of Rule 4(e).

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendant Centurion's Motion to Dismiss (Doc. 25).

(2) Service on Defendant Centurion (Doc. 24) is **quashed**.

(3) Defendant Centurion's Motion to Dismiss (Doc. 25) is **denied**.

(4) The Clerk of Court shall **complete a service packet** for Defendant Centurion with Centurion's address at:

> Centurion of Arizona, LLC
> c/o Statutory Agent
> CT Corporation System
> 3800 N. Central Ave Ste 460
> Phoenix, AZ 85012

and **forward** it to the United States Marshal Service.

(5) Service shall be made on Defendant Centurion at the address above within **60 days** of the date of this Order by the United States Marshal Service pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.

(6) Defendant Profiri is **dismissed** from the action.

Dated this 26th day of March, 2020.

Michael T. Liburdi
United States District Judge